# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EMMANUEL JEROME BEVERLY,

        Defendant-Appellant.

UNPUBLISHED
September 20, 2016

No. 326199
Wayne Circuit Court
LC No. 14-007348-FC

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

    I agree with Judge SERVITTO'S analysis of the standard of review and that the issue concerning the preliminary examination testimony was waived, not forfeited. However, I agree with Judge GADOLA'S analysis that reversal is not required.

    In *People v Cain*, 498 Mich 108, 116–117; 869 NW2d 829 (2015), the Michigan Supreme Court held:

>     Appellate courts may grant relief for unpreserved errors if the proponent of the error can satisfy the "plain error" standard, which has four parts (the "*Carines* prongs"). The first three *Carines* prongs require establishing that (1) an error occurred, (2) the error was "plain"—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected. [*People v*] *Carines*, 460 Mich [750,] 763[; 597 NW2d 130 (1999)]. If the first three elements are satisfied, the fourth *Carines* prong calls upon an appellate court to "exercise its discretion in deciding whether to reverse," and (4) relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or " ' "seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings". . . .' " *Id*. (citation omitted; first alteration in original). While "[m]eeting all four prongs is difficult, 'as it should be,' " *Puckett* [*v United States*], 556 US [129,] 135[; 129 S Ct 1423; 173 L Ed 2d 266 (2009)], the plain-error test affords defendants sufficient protection because, as [*People v*] *Vaughn*, 491 Mich [642,] 655 n 42[; 821 NW2d 288 (2012)], explained:
>
> > [A]pplication of a plain-error analysis to unpreserved structural error does not deny that error "close consideration," . . . especially because the plain-error analysis . . . requires reviewing courts to consider carefully whether

any forfeited error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. [Citations omitted.]

In this case the first three factors are clearly present. As to the fourth, however, after a review of the entire record, I do not think we are at risk of allowing an innocent defendant's conviction to stand. There was significant other evidence of guilt, namely: (a) the excited utterances made by the complainant to his older sister after the incident; (b) the statements made to the emergency room doctor for purposes of medical treatment; (c) the evidence of anal injury—both a tear and a neurological change; and (d) defendant's two prior criminal sexual conduct convictions.[1] Moreover, defendant offered no evidence. He is obviously not required to do so, but this leaves the balance of the prosecution's evidence unrebutted. And while there are reasons to be concerned about the "fairness, integrity and public reputation" of the judicial proceedings, *Carines*, 460 Mich at 763, I do not believe they are sufficiently high in this case to justify reversal as the witness was subject to cross-examination, the full preliminary examination testimony was read to the jury, and the failure to administer the oath appears to have been wholly unintentional and unrecognized by defense counsel, the prosecutor, and the judge at each proceeding.


/s/ Douglas B. Shapiro

---

[1] The prosecution presented evidence that, when defendant was a juvenile, he was convicted of fourth-degree criminal sexual conduct involving a five-year-old boy, MCL 750.520e, and was convicted of gross indecency between males, MCL 750.338, which also involved a five-year-old boy. The prosecution filed a timely notice of intent to use other acts of misconduct pursuant to MCL 768.27a, and proof of the convictions was admitted without objection at trial. MCL 768.27a provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Accordingly, the convictions were substantively admissible.